# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOHN KRAHN and CYNDI KRAHN,

        Plaintiff,

and

LEAGUE OF WISCONSIN MUNICIPALITIES
MUTUAL INSURANCE,

        Involuntary Plaintiff,

v.                                        Case No. 11-CV-187

SOO LINE RAILROAD COMPANY,
ABC INSURANCE COMPANY, and
STEVE ROHDE,

        Defendants.

_____

## ORDER

On February 18, 2011, the defendants Soo Line Railroad Company ("Soo Line"), a Minnesota corporate citizen, and Steve Rohde ("Rohde"), a Wisconsin citizen, removed this case from Milwaukee County Circuit Court to this court on the theory that the suit was between citizens of different states and that the amount in controversy exceeded $75,000. (Docket # 1). One month later, plaintiffs[1] John Krahn ("Krahn") and Cyndi Krahn, citizens of Wisconsin, filed a motion to remand the case back to the state court, arguing that Rohde, as a Wisconsin citizen, defeated diversity jurisdiction, necessitating that the case be remanded. (Docket #7). Soo Line and Rohde argue, however, that remanding the case is improper because the

---

[1] Involuntary plaintiff, the League of Wisconsin Municipalities Mutual Insurance Company is also a plaintiff in this action.

plaintiffs fraudulently joined Rohde as a party to this suit to prevent the case from being successfully removed to this court. With the issue fully briefed, the court is prepared to make a ruling on the plaintiffs' motion.

## BACKGROUND

A brief discussion of the facts propelling the current motion is appropriate. This case arises from an effort to save a woman and her two-year-old boy in the moments before a train, operated by defendant Soo Line, struck their minivan while in bumper-to-bumper traffic on the way to the annual Memorial Day parade in Elm Grove, Wisconsin. Plaintiff John Krahn, a police officer assigned to parade traffic control, sprinted to the minivan as the events unfolded and managed to free the woman. As Krahn was attempting to remove the child from the vehicle, the train collided with the minivan. Krahn sustained severe injuries as a result. Krahn and his wife subsequently filed a complaint in Milwaukee County Circuit Court alleging negligence on the part of both Soo Line and Rohde.

Rohde's connection to the Memorial Day accident stems from his employment as a Police Service Investigator for Soo Line and a letter he received from the Elm Grove Police Department approximately ten days before the parade. The letter advised Rohde of the upcoming Memorial Day parade scheduled for May 25, 2009, in the Village of Elm Grove, Wisconsin. The letter noted that the parade generally attracted large crowds of pedestrian and vehicular traffic around the railroad crossings located in the Village. While the letter indicated which railroad crossings would be impacted and assured Rohde that the police department would have

officers posted at each crossing to control traffic, the letter also asked Rohde to "make every attempt to notify your train conductors of the potential for pedestrian and vehicle hazards on the tracks" and to advise Soo Line's "dispatch center that, on at least two occasions, [the police department] will contact them prior to the start of the parade as a reminder." (Compl. Ex. A). With these facts in mind, the court now turns to the issue at hand.

## DISCUSSION

### I. Fraudulent Joinder

A defendant is allowed to remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Here, defendants rely on original federal diversity jurisdiction, provided by 28 U.S.C. § 1332(a), as their basis for removal. Diversity jurisdiction requires, in part, that the plaintiffs and defendants be completely diverse – that is, no plaintiff can be a citizen of the same state as any defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992)(citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). In this case, because plaintiffs and Rohde are Wisconsin citizens, it appears at first glance that complete diversity does not exist in this case and that the court does not have removal jurisdiction to entertain the case. At the same time, the

defendants claim the court must disregard Rohde's citizenship because the plaintiffs fraudulently joined Rohde in this litigation.

Under the fraudulent joinder doctrine, a plaintiff cannot avoid federal diversity jurisdiction by suing a non-diverse defendant simply to destroy diversity jurisdiction where there is no real claim against the defendant. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). The doctrine allows a court to disregard the citizenship of any fraudulently joined defendant when determining whether complete diversity exists, ultimately providing the court with jurisdiction over the removed case. *Schur,* 577 F.3d at 763. If the fraudulent joinder doctrine applies, the court will dismiss any non-diverse fraudulently joined defendant from the suit. *Id.*

A defendant is fraudulently joined when: (1) "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant . . . in state court"; or (2) "where there has been outright fraud in plaintiff's pleading of the jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). A defendant seeking removal based on alleged fraudulent joinder has a "heavy burden" in proving that joinder was fraudulent. *Schur*, 577 F.3d at 764. Here, it appears that defendants have only alleged that plaintiffs' claim against Rohde has no chance of success.

Without deciding the merits of the case, the court must evaluate the plaintiff's claim using an inquiry akin to that used on a motion brought under Fed.R.Civ.P. 12(b)(6), where the court looks initially at the allegations of the complaint to determine whether there is "any reasonable possibility" that the plaintiff could prevail

against the non-diverse defendant. *Schur*, 577 F.3d at 764. The process, however, is even more deferential to the plaintiff than a Rule 12(b)(6) motion, as the court must resolve all issues of "fact and law" in favor of the plaintiff.[2] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). Therefore, the court turns to Wisconsin law to determine whether the plaintiffs have any reasonable possibility of success in their negligence claim against Rohde.

In Wisconsin, to maintain a cause of action for negligence, there must exist: "(1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Rockweit v. Senecal*, 197 Wis.2d 409, 418, 541 N.W.2d 742 (Wis. 1995) (citations omitted). Moreover, in Wisconsin, "everyone has a duty of care to the whole world." *Miller v. Wal-Mart Stores, Inc.*, 219 Wis.2d 250, 260, 580 N.W.2d 233, 238 (Wis. 1998).

Here, plaintiffs assert that Rohde was negligent because he failed to adequately warn employees that worked for Soo Line, including the crew on the train involved in the collision, to reduce the train speed prior to approaching the Elm Grove railroad crossings, or to avoid the crossings altogether until the parade finished. (Compl. ¶ 16(A)). The complaint alleges that the train collision and plaintiffs' injuries occurred because of Rohde's negligence and the injuries resulted

---

[2]In resolving an issue of "law" in favor of the plaintiff, the court must "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

in damages. (Compl. ¶17, 19). On its face, this allegation of negligence appears to state a claim against Rohde as it asserts all the elements of a negligence cause of action under Wisconsin law.

For their part, defendants have alleged that plaintiffs' negligence claim against Rohde has no chance of success because uncontroverted evidence – Rohde's allegedly unrefuted affidavit – shows that Rohde was nothing more than the addressee of a letter and lacked the authority to slow or stop trains upon being notified about an event that would likely draw traffic.[3] As support for their argument, defendants rely predominantly on *Faucett v. Ingersoll-Rand Min. & Mach. Co.*, 960 F.2d 653, 654 (7th Cir. 1992), a case in which an injured worker brought a products liability claim in state court against a manufacturer-defendant for injuries sustained when he slipped on a machine. The complaint also alleged a negligence action against a non-diverse repairman. *Id.* The defendant manufacturer removed the case to federal court based on diversity jurisdiction, arguing the plaintiff had fraudulently joined the non-diverse repairman in an effort to defeat federal jurisdiction. *Id.* The district court denied the plaintiff's motion to remand and later dismissed the claim against the repairman on summary judgment. *Id.* Upon review, the Seventh Circuit concluded that joinder of the non-diverse repairman was

---

[3]Defendants' notice of removal also argues that plaintiffs' allegations against Rhode are based solely on Rohde's capacity as a corporate agent of Soo Line, and because the complaint does not allege that Rohde acted beyond the scope of his employment, any wrongful conduct of Rohde must be imputed to Soo Line. (Notice of Removal ¶ 10). However, in their brief in opposition to plaintiffs' motion to remand, the defendants appear to have abandoned any argument based on vicarious liability. Accordingly, the court finds defendants have failed to meet their heavy burden of proving that joinder was fraudulent based on this theory.

fraudulent, finding that the repairman's uncontradicted affidavit stating he had absolutely nothing to do with the machine at issue sufficiently established there was no possibility that plaintiff could state a negligence cause of action against the repairman. *Id.* at 655.

Here, Rohde's affidavit certainly claims he had no authority to slow or stop a train in response to the type of letter he received from the Elm Grove Police Department. (Rohde Aff. ¶ 3). And, it does not appear that this assertion is contradicted. However, plaintiffs' claim against Rohde does not allege that he failed in his duty to slow or stop the train involved in the collision, but rather that Rohde failed to adequately *warn* the train crew or other Soo Line employees to reduce the train speed prior to approaching the Elm Grove railroad crossings, or to avoid the crossings altogether until the parade finished. While slight, this distinction is significant as Rohde's argument supporting his theory of fraudulent joinder addresses a claim not set forth by the plaintiffs in their complaint. Though it may be undisputed that Rohde lacked the authority to stop or slow the train under the circumstances of this case, the defendants do not assert, nor do they come forward with uncontradicted evidence showing that Rohde lacked the authority to warn others with the requisite authority that such action may be appropriate in response to the parade. Thus, defendants' reliance on *Faucett* is misplaced in this respect.

Defendants also argue that Rohde's unrefuted affidavit shows he took the action requested by the police department in its letter – namely, he promptly informed Soo Line's dispatch center about the Village's parade and, consequently,

the plaintiffs cannot state a claim against him for negligence. However, this argument assumes that the only duty at issue here is the duty to notify relevant Soo Line employees of the parade. Yet, plaintiffs' claim extends further than that. The complaint asserts that Rohde failed to warn the Soo Line train crew or other relevant employees to reduce the train speed or to avoid the Elm Grove railroad crossings on the morning of the parade. Admittedly, whether Rohde had such a duty is debatable. However, as previously noted, Wisconsin subscribes to a broad view of duty. Indeed, under Wisconsin law, "[t]he duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act . . ." *Rockweit*, 197 Wis.2d at 419-20, 541 N.W.2d 742 (quoting *A.E. Investment Corp. v. Link Builders, Inc.*, 62 Wis.2d 479, 483-84, 214 N.W.2d 764 (Wis. 1974)). Thus, even if Rohde took the action requested by the Elm Grove Police Department's letter, there is still a possibility that he owed a further duty to the plaintiffs. The duty would arise if it was foreseeable that Rohde's failure to warn relevant Soo Line employees of the need to reduce train speed in the Elm Grove area or to avoid the area pending the completion of the Memorial Day parade had the potential to cause harm to someone. Defendants have not come forward with uncontradicted evidence as to this issue. Accordingly, because there is some

possibility that the plaintiffs can state a negligence cause of action against Rohde, the court is obliged to remand the case to state court.[4]

## II. Costs

Plaintiffs have asked, pursuant to 28 U.S.C. § 1447(c), that the court award them attorneys' fees incurred as a result of the remand. The standard for awarding fees under § 1447(c) is whether the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A defendant has an objectively reasonable basis for removal if "clearly established law" did not foreclose a defendant's basis for removal. *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). As a result, this court must look at the clearly established law relevant to defendants' reasons for removal in determining whether there was an objectively reasonable basis for removal. *Id.*

Here, an award of attorneys' fees is inappropriate, as the defendants' attempt at removal was not foreclosed by clearly established law. In this case, the defendants removed the case based on the fraudulent joinder doctrine, contending that Krahn and his wife did not have a viable claim against Rohde for negligence because Rohde's uncontradicted affidavit showed he had no authority to stop or slow a train upon receipt of a letter indicating that an event would result in increased traffic at a railroad crossing and, alternatively, that Rohde's affidavit demonstrated

---

[4]The court also notes that another person injured in the train collision has filed a complaint against both defendants Soo Line and Rohde in Milwaukee County Circuit Court. Curiously, despite being sued for similar claims in state court for the same collision, defendants Rohde and Soo Line have not sought to remove this separate action to federal court.

he took the action requested of him by the Elm Grove Police Department. In support of their removal, the defendants relied on Seventh Circuit case law finding that uncontradicted evidence that a non-diverse defendant had absolutely nothing to do with the events giving rise to plaintiff's claims sufficiently established that plaintiff had no chance of success in his claim against the non-diverse defendant. *Faucett*, 960 F.2d 653. On the other hand, plaintiffs argued that under Wisconsin law, it is typically improper to dismiss claims of negligence at such an early stage in the proceedings, and they detailed the evidence supporting their claim of negligence against Rohde. The court concludes that, while the defendants' basis for removal was ultimately inapplicable to the circumstances of this case, their attempt at removal was not foreclosed by clearly established law. The case law in this circuit makes clear that uncontradicted evidence showing a non-diverse defendant has no connection to a plaintiff's claims is sufficient to establish fraudulent joinder. *Faucett*, 960 F.2d 653. Here, Rohde's connection to the accident is tenuous. Indeed, if it were not for Wisconsin's expansive view of duty, the question of fraudulent joinder would likely be a closer call. Consequently, while Krahn and his wife have some possibility of succeeding on their negligence claim against Rohde, it is not "clearly established" that they will succeed. In sum, the defendants' removal was not foreclosed by clearly established law.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand to state court and for attorneys' fees (Docket #7) be and the same is hereby **GRANTED in part** and **DENIED in part**; the case shall be remanded to Milwaukee County Circuit Court and the plaintiffs are not entitled to attorneys' fees.

The Clerk of Court is directed to take all appropriate and necessary steps to effectuate the remand back to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge